Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN VASELENTO, Respondent, for Compensation under the Workmen's Compensation Law, v. ISADORE KASENETZ, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, March 3, 1920.

Workmen's Compensation Law — injury to toe of claimant while working for stone mason, necessitating operation — evidence sustaining award for loss of toe.

In a proceeding under the Workmen's Compensation Law it appeared that while the claimant was working for a stone mason a piece of stone fell on his right great toe; that after the case was closed the toe continued to trouble the claimant and he submitted to an operation which was successful for the purpose intended, but ankylosed the joint so that the toe was practically a total loss, and that thereafter the case was reopened. On all the evidence,

Held, that the injury was the cause or the contributing cause which made the operation proper, practicable and necessary, and that the award should be affirmed.

APPEAL by the defendants, Isadore Kasenetz and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 25th day of June, 1919.

Philip J. O'Brien [John N. Carlisle of counsel], for the appellants.

Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel, and Bernard L. Shientag, counsel for the respondent State Industrial Commission], for the respondents.

KILEY, J.:

Claimant was working for a stone mason. On May 14, 1917, a piece of stone fell on his right toe, severely injuring the same. He was unable to work because of the injury. Several hearings were had before the Industrial Commission, and he was allowed thirteen dollars and eight cents for a period of forty-two weeks. It appears that on May 10, 1918, the case

was closed.    The toe continued to trouble claimant and rendered him unable to work.    Thereafter the claimant went to a hospital where his toe was operated on to relieve his pain and correct defective walking caused, as claimed by him, by the injury.    The operation was successful for the purpose for which it was had — but ankylosed the joint of the toe.    The toe was practically a total loss.    Appellants contend that at the time the case was closed, March or May, 1918, it had healed.    That seems to be the fact appearing in the evidence.    The case was reopened and upon the rehearing claimant says that at the time of the injury, and since infancy, he has had upon the great toe of each foot a bursa or bunion, and that the injury to the right great toe was to or upon this bunion, greatly enlarging it, and rendering the foot practically useless in its then present condition; that the operation was necessary to enable him to work at all, and that the whole condition was the result of the injury.

A question of fact, only, is presented.    Was the injury the cause, or the contributing cause, which made the operation proper, practicable and necessary?    The confusion as to the evidence seems to arise out of hurried and superficial examinations, until about the close of the last proceeding.

The award is supported by sufficient evidence.    *Brady* v. *Holbrook, Cabot & Rollins Corporation* (189 App. Div. 405) is not in point.

The award should be affirmed.

Award unanimously affirmed.